UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID ALAN TAYLOR,

    Plaintiff,          Case No. 2:12-cv-136

v.                   Honorable Robert Holmes Bell

UNKNOWN SJOHOLM, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. On April 30, 2012, this Court ordered service of Plaintiff's complaint on Defendants Unknown Sjoholm and J. Gleason. On September 17, 2012, Defendants filed a motion for summary judgment (docket #16) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (docket #19) and brief (docket #20) on or about October 12, 2012. Upon review, I recommend that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies be granted.

    Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056

(same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Plaintiff is presently incarcerated at the Chippewa Correctional Facility (URF). In his *pro se* complaint, Plaintiff sues Defendants Corrections Officer Unknown Sjoholm and Corrections Officer J. Gleason. In his complaint, Plaintiff alleges that Defendants retaliated against him because he sent complaints to Warden Catherine Bauman regarding body cavity searches on kitchen workers, including Plaintiff, and for the loss of his kitchen job. Plaintiff was successful in getting reinstated to his job, and that four days later, Defendants wrote two "bogus" misconduct tickets on him, for theft and insolence. A review of the attachments to Plaintiff's complaint shows that on August 29, 2011, he waived his right to a hearing and pleaded guilty on the charges of theft and insolence. (Docket #1-1, pp. 12-13 of 26.)

In support of his retaliation claims, Plaintiff asserts that on August 29, 2011, inmate cook Saldana saw Defendants whispering and looking around and into the pots and pans room. Saldana then saw Defendant Sjoholm walk over to the diet area, grab some small condiment cups of peanut butter and some packets of jelly, look around, then go into the pots and pans room and lift up a pan before walking out. When Plaintiff returned to the pots and pans room, both Defendants came in behind him and lifted up a pan, revealing the packets of jelly and peanut butter. (Docket #1, ¶ 12-13.) Plaintiff protested that the packets were not his. Defendants told Plaintiff that it was his area of control and ordered him to submit to a strip search. Defendant Gleason said, "this is what you get for filing those complaints." As Plaintiff was leaving the area, he told Defendants to have a "nice f–king day." Defendant Sjoholm responded by saying, "No, you have a nice f–cking day! File some more complaints." Defendant Gleason added, "How do you like us now?"

3

Plaintiff was reviewed on the minor misconduct tickets by Sergeant Miron and waived his right to a hearing. In signing the waiver of class II or III hearing on his misconduct tickets, Plaintiff agreed:

> I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed.

(Docket #1-1, pp. 12-13 of 26.)

Defendants claim that they are entitled to summary judgment because Plaintiff failed to exhaust his available administrative remedies. Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

Prisoners commonly file grievances pursuant to policy of the Michigan Department of Corrections to exhaust administrative remedies. For example, a prisoner may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement which directly affect the grievant." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (effective 07/09/07). In this

case, the grievance procedure is not available to Plaintiff. As noted above, Plaintiff was found guilty of two minor misconducts after a waiving his right to a hearing and pleading guilty to the misconduct convictions. Decisions subject to hearings conducted by the office of policy and hearings, hearings and appeals division, and minor misconduct hearings are nongrievable. MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ F(4) (effective 07/09/07). Instead, a prisoner challenging the validity of a misconduct conviction must present his claim through the hearing process. MICH. DEP'T OF CORR., Policy Directive 03.03.105 (effective 11/01/10).

Plaintiff filed a step I grievance regarding the alleged retaliatory conduct of Defendants on October 20, 2011, asserting that it was not until he visited the prison library that he discovered that Defendants' conduct constituted retaliation. (Docket #1-1, p. 22 of 26.) Plaintiff's grievance was rejected because the issue being grieved was related to the misconduct hearing process. Plaintiff was instructed that he needed to address the alleged retaliatory misconduct tickets at his hearing and / or on appeal through the Hearings Process. (Docket #1-1, p. 23 of 26.) Plaintiff unsuccessfully filed step II and III appeals of the rejection. (Docket #1-1, pp. 24-26 of 26.) In the step II response, Warden Catherine Bauman instructed Plaintiff that in order to exhaust his remedies, he was required to appeal his convictions through the Deputy Warden's office, as outlined in Policy Directive 03.03.105.

The undersigned notes that if Plaintiff had proceeded with a hearing on his misconduct ticket, rather than waiving his right to a hearing, he could have presented a defense and exhausted the issue. The fact that he allegedly did not understand the legal concept of retaliation at the time he received his ticket would not have prevented him from presenting his version of the events in a hearing. The fact that Plaintiff waived his right to a hearing, which constituted a guilty plea, should not excuse him from taking the required actions for exhausting his remedies. The

5

undersigned concludes that Defendants are entitled to summary judgment for failure to exhaust administrative remedies.

Furthermore, despite Plaintiff's claim that he was set up and that the misconduct tickets were false and retaliatory, Plaintiff pleaded guilty to the misconduct charges. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Where a plaintiff is asserting retaliatory false misconduct charges and he is ultimately found guilty of the charges, he cannot state a claim for retaliation arising from the misconduct charges. *Wilson v. Phipps*, No. 97-1661, 1998 WL 384560, at *1 (6th Cir. June 18, 1998) (citing *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam)). *See also Peterson v. Johnson*, __ F.3d __, 2013 WL 1490082, *11 (6th Cir. 2013) (findings of fact in a misconduct hearing are entitled to preclusive effect in subsequent court cases). Therefore, because Plaintiff in this case admittedly engaged in the misconducts he was charged with, Defendants are entitled to summary judgment on his retaliation claims. *Crump v. Perttu*, 2008 WL 680402, 7 (W.D. Mich. 2008).

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (docket #16) be granted and this case be dismissed. Should the court adopt the report and recommendation in this case, Plaintiff's motion for summary judgment (docket #12) is properly denied as moot.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 15, 2013

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).