UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID ALAN TAYLOR,

       Plaintiff,

                                    File No. 2:12-CV-136

v.

                                    HON. ROBERT HOLMES BELL

UNKNOWN SJOHOLM, et al.,

       Defendants.

                                    /

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        On May 15, 2013, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment (Dkt. No. 16) be granted based on Plaintiff David Alan Taylor's failure to exhaust his available administrative remedies.  (Dkt. No. 23, R&R.)  Plaintiff filed objections to the R&R on May 28, 2013.  (Dkt. No. 24.)

        This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Magistrate Judge's finding that Plaintiff failed to exhaust his administrative remedies was based Plaintiff's written waivers of his right to a hearing to contest the misconducts filed against him. (Dkt. No. 1, Compl. Exs. 6, 7, Page ID#25, 26.) Plaintiff objects to the R&R because he contends that the Magistrate Judge failed to consider Plaintiff's declaration filed in response to Defendants' motion for summary judgment. Plaintiff stated in his declaration that Sgt. Myron tricked him into signing the waiver of hearing by telling him that he needed to sign for his receipt and by blocking Plaintiff's view of the form with other papers. (Dkt. No. 19, Pl.'s Decl. ¶ 9.) Plaintiff asserted that he would not have knowingly waived his rights to a hearing, and that he was expecting a hearing within a week or so. (*Id.*)

Plaintiff's declaration is not sufficient to create a material issue of fact for trial. Plaintiff does not deny that he signed two waivers of hearing. Directly above the signature line the waivers state in bold caps "**WAIVER OF CLASS II OR III HEARING**." (Compl. Exs. 6, 7.) Directly to the left of the signature line is the statement "I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed." (*Id.*) Although Plaintiff attached copies of the misconduct reports with waivers to his verified complaint, Plaintiff did not allege that he had been tricked into signing the waivers in his complaint or in his first declaration. (Dkt. Nos. 1, 14.) Neither did he allege that he was denied a hearing on the

misconducts. Plaintiff did not attempt to deny the genuineness of the waivers until their significance became apparent in Defendants' motion for summary judgment. A party cannot create a genuine issue of material fact after a motion for summary judgment has been filed by submitting an affidavit that contradicts a previously sworn statement. *See Lanier v. Bryant*, 332 F.3d 999, 1004 (6th Cir. 2003) ("When a motion for summary judgment has been filed, a party cannot create a factual issue by filing an affidavit which contradicts earlier testimony."); *Preston v. Clayton Homes, Inc.*, 167 F. App'x 488, 491 (6th Cir. 2006) ("After a motion for summary judgment has been filed, a party cannot create a material issue of fact by filing an affidavit which contradicts his earlier deposition testimony."). *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (noting that federal courts have held "with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement").

Plaintiff's efforts to distance himself from his written waivers after the motion for summary judgment was filed are not sufficient to create a material issue of fact for trial. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 24) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the May 15, 2013, R&R (Dkt. No. 23) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt.

No. 16) is **GRANTED**.

      **IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 12) is **DENIED AS MOOT**.

      **IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Date:  January 24, 2014                    /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE